**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TEVIN BREVARD,**

Plaintiff,

v. Civil Action No. **3:24CV377**

**C. HESTER, *et al.*,**

Defendants.

## MEMORANDUM OPINION

Tevin Brevard, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action. The matter now comes before the Court on Brevard's response to the Court's order to show good cause why the action against "Nighttime Nurse Staff Jane Does" should not be dismissed without prejudice. (ECF No. 75.)

Pursuant to Federal Rule of Civil Procedure 4(m),[1] Brevard had ninety (90) days to serve Defendant "Nighttime Nurse Staff Jane Does." Here, that period began on September 23, 2025.[2] By Order entered July 9, 2026, the Court directed Brevard to show good cause for his failure to serve "Nighttime Nurse Staff Jane Does" within the time required by Rule 4(m). (ECF Nos. 72,

[1] The Rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (citation omitted).

73.) On July 29, 2026, the Court received Brevard's response. (ECF No. 75.) Brevard merely restates his claim and asserts that he "has sufficiently alleged a claim of excessive force . . . to survive 28 U.S.C. [§] 1915," without explaining why the claim should not be dismissed for failure to serve. (*Id.* at 1.)

Unless a plaintiff shows good cause, Rule 4(m) requires the Court to dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 90-day period. Fed. R. Civ. P. 4(m). Courts within the Fourth Circuit found good cause to extend the 90-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (collecting cases). Nevertheless, the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022). Here, however, the Court is unpersuaded that any circumstances warrant a discretionary extension. Because Brevard fails to demonstrate good cause for his failure to serve "Nighttime Nurse Staff Jane Does," the action will be dismissed without prejudice.

Further, on July 29, 2026, Brevard moved for a jury trial and appointment of counsel. (ECF No. 76.) By Memorandum Opinion and Order entered July 9, 2026, the Court granted a motion for summary judgment, (ECF No. 60), and dismissed all other claims and defendants. Dismissal of Brevard's action against "Nighttime Nurse Staff Jane Does" therefore renders Brevard's motion, (ECF No. 76), moot, and it will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 17 August 2026
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge